UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LORRAINE O'RIORDEN,<br><br>Plaintiff,<br><br>v.<br><br>JOHNSON & JOHNSON, et al.,<br><br>Defendants. | Civil Action No. 19-cv-10751-ADB |

## **MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION TO REMAND**

BURROUGHS, D.J.

Before the Court is Plaintiff Lorraine O'Riorden's ("Plaintiff") motion to remand. [ECF No. 7]. For the reasons set forth below, Plaintiff's motion to remand [ECF No. 7] is GRANTED. Accordingly, this action is remanded to the Massachusetts Superior Court for Middlesex County ("Superior Court").

**I.    BACKGROUND**

On April 13, 2017, Plaintiff filed this personal injury asbestos-related action against Johnson & Johnson and Johnson & Johnson Consumer, Inc. ("Johnson & Johnson" or "Defendants") based on her use of Johnson & Johnson personal talc products. See [ECF No. 1-2 ("Complaint" or "Compl.")]. The Complaint also names Imerys Talc America, Inc. ("Imerys"), one of Johnson & Johnson's talc suppliers, as a defendant. [Id.]. On February 13, 2019, Imerys and two related entities filed a petition for Chapter 11 bankruptcy in the U.S. Bankruptcy Court for the District of Delaware. [ECF No. 1 ¶ 1].

On April 18, 2019, Johnson & Johnson removed this action pursuant to 28 U.S.C. §§ 1452(a) and 1334(b) stating as grounds for removal that the case was "related to" Imerys'

Chapter 11 bankruptcy proceeding.  [ECF No. 1 ¶¶ 17–21].  This action was one of at least five similar lawsuits Johnson & Johnson removed to the District of Massachusetts on the same day.  See Notice of Removal at 1, Rivera v. Johnson & Johnson, No. 19-cv-10747-LTS (D. Mass. Apr. 18, 2019); Notice of Removal at 1, Rodgers v. Johnson & Johnson, No. 19-cv-10754-DJC (D. Mass. Apr. 18, 2019); Notice of Removal at 1, Mitchell v. Johnson & Johnson, No. 19-cv-10762-FDS (D. Mass. Apr. 18, 2019); Notice of Removal at 1, Wilson v. Johnson & Johnson, No. 19-cv-10764-RGS (D. Mass. Apr. 18, 2019).

Also on April 18, 2019, Johnson & Johnson filed a Motion to Fix Venue for Claims Related to Imerys' Bankruptcy in the District of Delaware ("Motion to Fix Venue") in which it sought to consolidate 2,400 talc actions in the District of Delaware on the basis that "all individual state-law personal injury or wrongful death claims against [Johnson & Johnson] are 'related to' the [Imerys] bankruptcy. . . ."  In re Imerys Talc Am., Inc., No. 19-mc-00103-MN, 2019 WL 2052351, at *2 (D. Del. May 9, 2019); see [ECF No. 1-4].  Johnson & Johnson later sought to provisionally transfer the 2,400 cases on an emergency basis.  Mot. for Provisional Transfer at 1, In re Imerys Talc Am., No. 19-mc-00103-MN (D. Del. April 30, 2019), ECF No. 12.  The request for provisional transfer was denied on May 9, 2019.  See In re Imerys Talc Am., Inc., 2019 WL 2052351, at *5.  An order on the Motion to Fix Venue has not yet been issued.

On May 2, 2019, Plaintiff timely filed a motion to remand her case to Superior Court.  [ECF No. 7].  She argued that the Court lacked subject-matter jurisdiction over the case, was required to remand the case due to mandatory abstention under 28 U.S.C. § 1334(c)(2), and, in any event, that the removal was untimely and procedurally defective.  [ECF No. 7-1 at 3–4].  On May 16, 2019, Defendants opposed remand and urged this Court to defer ruling on the motion to remand until after the District of Delaware issues an order on Johnson & Johnson's Motion to

2

Fix Venue. [ECF No. 16 at 7]. On May 30, 2019, Plaintiff submitted a reply brief. [ECF No. 23]. Both parties also have provided supplemental authorities. See [ECF Nos. 8, 9, 14, 24].

## II. DISCUSSION

A defendant seeking removal bears the burden of showing that the federal court has jurisdiction. See Danca v. Private Health Care Sys., Inc., 185 F.3d 1, 4 (1st Cir. 1999). Here, Defendants removed the case pursuant to federal "related to" jurisdiction under 28 U.S.C. §§ 1452(a) and 1334(b). Section 1452(a) permits removal of cases over which the district court has jurisdiction pursuant to § 1334(b), with some exceptions not applicable here. 28 U.S.C. § 1452(a). Section 1334(b) provides that district courts have jurisdiction over "all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). Defendants seek to demonstrate that this Court has "related to" jurisdiction over the removed claims by pointing to contractual indemnifications contained in supply agreements between Defendants and Imerys and to Imerys' alleged rights to shared insurance with Defendants. [ECF No. 16 at 9].

The Court strongly questions whether Johnson & Johnson has carried its burden of demonstrating "related to" jurisdiction for the reasons articulated by Judge Sorokin in a related remanded action. See Mem. & Order at 4–5, Rivera, No. 19-cv-10747-LTS (D. Mass. May 31, 2019) (remanding related case for lack of subject-matter jurisdiction). Specifically, that Imerys apparently disputes indemnification and the existence of shared insurance suggests that the present lawsuit would not "affect [Imerys'] bankruptcy without the intervention of yet another lawsuit," thereby defeating "related to" jurisdiction under long-standing case law. See id.; see also [ECF No. 23 at 6–13 (quoting In re W.R. Grace & Co., 591 F.3d 164, 172 (3d Cir. 2009)].

3

It is unnecessary for the Court to resolve these factual and legal issues, however, because equity counsels remand here.

Pursuant to 28 U.S.C. § 1452(b), this Court has discretion to remand cases removed under 28 U.S.C. § 1452(a) "on any equitable ground." 28 U.S.C. § 1452(b). To determine whether equitable grounds exist, courts consider the following factors:

> (1) the effect of the action on the administration of the bankruptcy estate; (2) the extent to which issues of state law predominate; (3) the difficulty of applicable state law; (4) comity; (5) the relatedness or remoteness of the action to the bankruptcy case; (6) the existence of a right to a jury trial; and (7) prejudice to the party involuntarily removed from state court.

Fed. Home Loan Bank of Bos. v. Ally Fin., Inc., No. 11-cv-10952-GAO, 2012 WL 769731, at *4 (D. Mass. Mar. 9, 2012) (quoting In re Santa Clara Cnty. Child Care Consortium, 223 B.R. 40, 46 (B.A.P. 1st Cir. 1998); see also Messerlian v. A.O. Smith Corp., No. 09-cv-00393-WES-LDA, 2010 WL 308981, at *4 (D.R.I. Jan. 25, 2010) (listing similar factors).

Consideration of these factors strongly weighs in favor of remand. First, trying this case in Superior Court in Massachusetts will not impact the efficient administration of Imerys' bankruptcy estate. See Cambridge Place Inv. Mgmt., Inc. v. Morgan Stanley & Co., No. 10-cv-11376-NMG, 2010 WL 6580503, at *7 (D. Mass. Dec. 28, 2010). Second, state law issues predominate because the Complaint asserts only state-law claims. [Compl. ¶¶ 12–50]. Third, although the state law to be applied in this action is only of moderate difficulty, "comity counsels in favor of state-court resolution of state-law claims." See Fed. Home Loan Bank of Bos., 2012 WL 769731, at *4. Fourth, Plaintiff's case is only remotely related to the Imerys bankruptcy proceeding. Finally, removal will cause significant prejudice to Plaintiff where her case was nearly trial-ready in Superior Court after pending for almost two years. Plaintiff is slated to have a December 4, 2019 trial date, which is significantly sooner than any trial would occur were Plaintiff's case heard in Delaware, and that trial will be presided over by Judge Heidi Brieger,

4

who oversees the Asbestos Litigation docket and therefore has deep familiarity with this case and others like it. See [ECF No. 23 at 17]. For these reasons, Plaintiff's case is best resolved in the Superior Court. Cf. Mem. & Order at 5, Rivera, No. 19-cv-10747-LTS (D. Mass. May 31, 2019) (finding remand supported on equitable grounds for similar reasons); Electronic Order, Wilson, No. 19-cv-10764-RGS (D. Mass. May 29, 2019) (remanding on equitable grounds).

### III. CONCLUSION

Accordingly, Plaintiff's motion to remand [ECF No. 7] is GRANTED. This action is remanded to the Massachusetts Superior Court for Middlesex County.

**SO ORDERED.**

June 5, 2019 /s/ Allison D. Burroughs
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE